UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA MADDUX AND JEFFERY MADDUX, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:16-cv-2812 |
| | § | |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, DAVID SLAUGHTER, AND PATRICK THOMAS, | § § § § | (JURY) |
| Defendants. | § | |

**DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") files this Notice of Removal of Cause Number DC-C201600468, styled *Patricia Maddux and Jeffery Maddux v. Metropolitan Lloyds Insurance Company of Texas, David Slaughter, and Patrick Thomas,* currently pending in the 413th Judicial District Court of Johnson County, Texas. Metropolitan removes the case to the U.S. District Court for the Northern District of Texas, Dallas Division. As grounds for removal, Metropolitan states as follows:

**I.
OVERVIEW**

1.1    This case involves a dispute over insurance benefits under a Homeowners policy of insurance issued by Metropolitan to Plaintiffs Patricia Maddux and Jeffery Maddux, for damage to the Plaintiffs' home allegedly caused by wind and hail. (*See* Plaintiffs' Original Petition, page 3). Plaintiffs commenced this action, styled *Patricia Maddux and Jeffery Maddux*

*v. Metropolitan Lloyds Insurance Company of Texas, David Slaughter, and Patrick Thomas,* against Metropolitan by filing their Plaintiffs' Original Petition on August 31, 2016 under Cause Number DC-C201600468 in the 413th Judicial District Court, Johnson County, Texas. According to the Plaintiffs' Original Petition in that suit, the Plaintiffs seek to recover damages from the Defendants between $200,000.00 and $1,000,000.00. Metropolitan was served the Plaintiffs' Original Petition in that suit on September 7, 2016. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). A true and correct copy of all process, pleadings, and the orders served upon Metropolitan in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1     The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a). The Plaintiffs are now, and were at the time the lawsuit was filed, residents of the State of Texas. (*See* Plaintiffs' Original Petition, page 1). Defendant Metropolitan is now, and was at the time the action was commenced, an unincorporated association of underwriters whose individual underwriters are citizens of the States of Rhode Island and Wisconsin and are not residents or citizens of Texas. Additional defendants in the case are David Slaughter and Patrick Thomas, citizens of the State of Texas. Their citizenship, however, should not be taken into consideration for purposes of determining diversity as they have been improperly joined in this action. There being complete diversity between the Plaintiffs and Defendant Metropolitan, this case is properly removed to the U.S. District Court for the Northern District of Texas, Dallas Division.

2.2   The doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendants were property joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder is demonstrated where (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *See Travis v. Irby*, 325 F.3d 644, 646-47 (5th Cir. 2003). In this case the Plaintiffs are unable to establish a cause of action against Defendants David Slaughter and Patrick Thomas, thereby rendering their joinder improper.

2.3   The Plaintiffs' allegations against Defendants David Slaughter and Patrick Thomas are generic and formulaic claims under the Texas Insurance Code and the Texas Deceptive Trade Practices Act and are unsupported by real facts. Such claims are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). The allegations against Defendants David Slaughter and Patrick Thomas in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the elements of a cause of action. These generic recitations on their face not only fail to state a viable cause of action under Texas law but also fail to evidence a plausible entitlement to relief to support the joinder of Defendants David Slaughter and Patrick Thomas. As such, the allegations against Defendants exemplify the badge of improper joinder.

2.4   Policyholders in Texas have a long history of improperly joining insurance adjusters and agents as party-defendants in first-party suits against their insurance company to

recover policy benefits in an effort to avoid removal of the case from state court to federal court. This is yet another example of one such case. The essence of this lawsuit is the Plaintiffs' right of recovery under the insurance contract. Under such circumstances, Defendants David Slaughter and Patrick Thomas have been improperly joined. Because Defendants David Slaughter and Patrick Thomas have been improperly joined, the claims against them should not only be disregarded for purposes of determining diversity, but also should also be dismissed in their entirety as a matter of law.

### III.
### REMOVAL PROPER

3.1    Disregarding the citizenship of Defendants David Slaughter and Patrick Thomas, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2    Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3    Defendant Metropolitan, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Metropolitan will promptly file a copy of this Notice of Removal with the clerk of the 413th District Court, Johnson County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

### IV.
### EXHIBITS ACCOMPANYING REMOVAL

4.1    In conjunction with filing this Notice of Removal, Defendant Metropolitan files the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 413th Judicial District Court, Johnson County, Texas

WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Lloyds Insurance Company of Texas, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause Number DC-C201600468, styled, *Patricia Maddux and Jeffery Maddux v. Metropolitan Lloyds Insurance Company, David Slaughter, and Patrick Thomas,* removes this matter from the 413th Judicial District Court, Johnson County, Texas to this Court on the 4th day of October, 2016, for trial and determination.

Respectfully submitted,

STACY & CONDER, LLP


_____*/s/ Dennis D. Conder*_____
By:     Dennis D. Conder
          State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

**ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS**

## **CERTIFICATE OF SERVICE**

On the 4th day of October, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) and by the Texas Rules of Civil Procedure:

Andrew C. Cook
David M. Anderson
Cook & Anderson Law Firm, PLLC
5900 Memorial Drive, Suite 210
Houston, TX  77007
713-739-0810
713-739-0821 - fax
Cook SBN 24057481
Anderson SBN 24064815
Anderson@ccatriallaw.com
dcienfuegos@ccatriallaw.com

                                              */s/ - Dennis D. Conder*
                                               Dennis D. Conder

PAN/PLDG/574838.1/001466.16925