Skip to Main Content  Logout  My Account  My Cases  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts   Help

## REGISTER OF ACTIONS
### CASE NO. DC-C201600468

| PARTY INFORMATION | | |
|---|---|---|
| | | **Lead Attorneys** |
| **Defendant** | Metropolitan Lloyds Insurance Company of Texas | |
| **Defendant** | Slaughter, David | |
| **Defendant** | Thomas, Patrick | |
| **Plaintiff** | Maddux, Jeffrey | **Andrew C. Cook**<br>*Retained*<br>713-739-0810(W) |
| **Plaintiff** | Maddux, Patricia | **Andrew C. Cook**<br>*Retained*<br>713-739-0810(W) |

| EVENTS & ORDERS OF THE COURT | | |
|---|---|---|

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 08/31/2016 | **Original Petition (OCA)** | | |
| | *Plaintiffs Original Petition-Iss 1 Cit-CMRR. – Iss 2 Cit-Ret* | | |
| 08/31/2016 | **Civil Case Information Sheet** | | |
| 08/31/2016 | **Letter** | | |
| | *Letter to Clerk - request citations* | | |
| 09/01/2016 | **Jury Fee Paid** | | |
| 09/01/2016 | **Citation** | | |
| | Metropolitan Lloyds Insurance Company of Texas | Served<br>Returned | 09/07/2016<br>09/12/2016 |
| | Slaughter, David | Unserved | |
| | Thomas, Patrick | Unserved | |
| 09/02/2016 | **Citation Issued** | | |
| | *Citation Iss to Metropolitan Lloyds Insurance Company of Texas-CMRRR* | | |
| 09/02/2016 | **Certified Mail Receipts** | | |
| 09/07/2016 | **Certified Mail Receipts** | | |
| 09/07/2016 | **Citation Returned** | | |
| 09/12/2016 | **Green Card Returns** | | |
| 09/15/2016 | **Answer** | | |
| | *Defendant Metropolitan's Original Answer* | | |



DC-C201600468 – Johnson County - 413th District Court



Filed: 8/31/2016 5:45:47 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Renee Alexander, Deputy

CAUSE NO. _DC-C201600468_

| | | |
|---|---|---|
| **PATRICIA MADDUX AND** | § | **IN THE DISTRICT COURT OF** |
| **JEFFERY MADDUX** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **JOHNSON COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | Johnson County - 413th District Court |
| **INSURANCE COMPANY OF** | § | |
| **TEXAS, DAVID SLAUGHTER, &** | § | |
| **PATRICK THOMAS** | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Patricia Maddux and Jeffery Maddux ("Plaintiffs"), file this *Plaintiffs' Original Petition*, complaining of Metropolitan Lloyds Insurance Company of Texas ("Metropolitan"), David Slaughter ("Slaughter"), and Patrick Thomas ("Thomas") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of their suit.

## PARTIES

2.   Plaintiffs Patricia Maddux and Jeffery Maddux are individuals residing in Johnson County, Texas.

3.   Defendant Metropolitan is a domestic insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Agent for Service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.   Defendant Slaughter is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process, by a process server, at his place of residence at 3660 Regent Blvd., Suite 150, Irving, Texas 75063.

5.   Defendant Thomas is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process, by a process server, at her place of residence at 1606 Charleston Drive, Garland, Texas 75041.

## JURISDICTION

6.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

7.   The Court has jurisdiction over Defendant Metropolitan because the defendant is an insurance company that engages in the business of insurance

in the State of Texas, and Plaintiffs' causes of action arise out of the defendant's business activities in the State of Texas.

8. The Court has jurisdiction over Defendant Slaughter because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of the defendant's business activities in the State of Texas.

9. The Court has jurisdiction over Defendant Thomas because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of the defendant's business activities in the State of Texas.

## VENUE

10. Venue is proper in Johnson County, Texas because the insured property is situated in Johnson County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy number 1422309540 (hereinafter referred to as "the Policy"), which was issued by Metropolitan.

12. Plaintiffs own the insured property, which is specifically located at 9848 County Road 305, Grandview, Texas 76050 in Johnson County (hereinafter referred to as "the Property").

13. Metropolitan sold the Policy insuring the Property to Plaintiffs.

14. On or about April 26, 2015, a massive hailstorm struck Johnson County, Texas causing significant damages to many homes and businesses throughout the region, including Plaintiff's residence. Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the hail damaged roof caused damage to the interior ceilings, walls, and floors of Plaintiff's home. Plaintiff's home also sustained substantial structural and exterior damage during the storm. In addition, Plaintiff's H.V.A.C. unit, garage and barn were damaged as a result of the storm. Plaintiff asked that Metropolitan cover the cost of repairs to the Property pursuant to the Policy.

15. The claim number assigned by Metropolitan is JDF153580.

16. Defendant Metropolitan assigned Defendant Slaughter as the overseeing adjuster on the claim. Defendant Slaughter then assigned Defendant Thomas as the individual adjuster on the claim. The adjusters assigned to assess Plaintiffs' claim were improperly trained and failed to perform a reasonable or adequate inspection of the damages. During the course of his inspection, Defendant Thomas severely undervalued the damage to Plaintiffs' home and also made the decision to deny some of Plaintiffs' covered damages. This is evidenced by Thomas's estimate which severely undervalued the damage to the roof, interior, windows, garage and barn. In addition, Thomas failed to include the damages to the exterior elevations and HVAC unit in his estimate. Defendants Metropolitan and Slaughter agreed with and adopted Defendant Thomas' undervalued and erroneous evaluation of Plaintiffs'

damages as their own and Metropolitan ultimately issued underpayment based on that evaluation.

17. As a result of the unreasonable investigation of Plaintiffs' claim (including not providing full coverage for the damages sustained by Plaintiffs and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiffs to repair their home), Plaintiffs' claim was improperly and unreasonably adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to make necessary repairs to the Property, which has resulted in additional and consequential damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

18. As detailed in the paragraphs below, Metropolitan wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Metropolitan underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

19. To date, Metropolitan continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

20. Defendant Metropolitan failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to

pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Metropolitan' conduct constitutes a breach of the insurance contract between Metropolitan and Plaintiffs.

21. Defendants Metropolitan, Slaughter, and Thomas misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Metropolitan', Slaughter', and Thomas's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22. Defendants Metropolitan, Slaughter, and Thomas failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Metropolitan's, Slaughter's, and Thomas' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23. Defendants Metropolitan, Slaughter, and Thomas failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Metropolitan, Slaughter, and Thomas failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Metropolitan, Slaughter, and Thomas

did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Metropolitan's, Slaughter's, and Thomas' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24. Defendants Metropolitan, Slaughter, and Thomas failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Metropolitan, Slaughter, and Thomas. Defendants Metropolitan's, Slaughter's, and Thomas' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25. Defendants Metropolitan, Slaughter, and Thomas refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Metropolitan, Slaughter, and Thomas failed to conduct a reasonable investigation. Specifically, Defendants Metropolitan, Slaughter, and Thomas performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Metropolitan's, Slaughter's, and Thomas' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26.  Defendant Metropolitan failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27.  Defendant Metropolitan failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.   Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28.  Defendant Metropolitan failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for their claim. Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29.  From and after the time Plaintiffs' claim was presented to Defendant Metropolitan, the liability of Metropolitan to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Metropolitan has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full

payment. Metropolitan's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30. Defendants Metropolitan, Slaughter, and Thomas knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

31. As a result of Defendants Metropolitan's, Slaughter's, and Thomas' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

32. Plaintiffs' experience is not an isolated case. The acts and omissions Metropolitan committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Metropolitan with regard to handling these types of claims. Metropolitan's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST SLAUGHTER & THOMAS

##### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33. Defendants Slaughter's and Thomas' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under their article are made actionable by TEX. INS. CODE §541.151.

34.   Defendants Slaughter and Thomas are individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Metropolitan, because each is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).   (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.   Defendants Slaughter's and Thomas' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(1).

36.   Defendants Slaughter's and Thomas' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair

and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

37. The unfair settlement practice of Defendants Slaughter and Thomas, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendants Slaughter's and Thomas' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendants Slaughter's and Thomas' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

40.   Defendants Metropolitan, Slaughter, and Thomas are liable to Plaintiffs for common law fraud.

41.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Metropolitan, Slaughter, and Thomas knew were false or made recklessly without any knowledge of their truth as a positive assertion.

42.   The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

43.   Defendants Metropolitan, Slaughter, and Thomas are liable to Plaintiffs for conspiracy to commit fraud. Defendants Metropolitan, Slaughter, and Thomas were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Metropolitan, Slaughter, and Thomas committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST METROPOLITAN ONLY

44.     Defendant Metropolitan is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

45.     Defendant Metropolitan's conduct constitutes a breach of the insurance contract made between Metropolitan and Plaintiffs.

46.     Defendant Metropolitan's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Metropolitan' insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

47.     Defendant Metropolitan's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

48.     Defendant Metropolitan's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

49.     Defendant Metropolitan's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable

settlement of the claim, even though Metropolitan's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

50. Defendant Metropolitan's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

51. Defendant Metropolitan's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

52. Defendant Metropolitan's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

53. Defendant Metropolitan's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

54. Defendant Metropolitan's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

55. Defendant Metropolitan's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

56. Defendant Metropolitan's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

57. Defendant Metropolitan's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

58. Defendant Metropolitan's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time Metropolitan knew or should have known by the exercise of reasonable

diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

59. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

60. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

61. As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Metropolitan's, Slaughter's, and Thomas' mishandling of Plaintiffs' claim in violation of the laws set forth above.

62. For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

63. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts

Page 16

described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

64.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

65.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

66.   For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

67.   For the prosecution and collection of their claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

68.  Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Johnson County, Texas.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

69.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

### REQUEST FOR PRODUCTION

70.  *Plaintiff's Request for Production to Defendant Metropolitan Lloyds Insurance Company of Texas* is attached as "Exhibit A."

## RULE 47 STATEMENT

71.  Plaintiffs prefer to have the jury determine the fair amount of compensation for Plaintiffs' damages. It is early in the case to be assessing the full nature and scope of Plaintiffs' damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands.

72.  Texas Rule of Civil Procedure 47, however, *requires* Plaintiffs to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiffs state that monetary relief of over $200,000 but less than $1,000,000, in an amount to be determined by the jury, is being sought.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of their case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

COOK & ANDERSON LAW FIRM, PLLC

/s/Andrew C. Cook
Andrew C. Cook
State Bar No. 24057481
David M. Anderson
State Bar No. 24064815
Daniel Cienfuegos, Jr.
State Bar No. 24069509
5900 Memorial Drive, Suite 210
Houston, Texas 77007
(713) 739-0810 (Office)
(713) 739-0821 (Facsimile)
cook@ccatriallaw.com
anderson@ccatriallaw.com
dcienfuegos@ccatriallaw.com
**ATTORNEYS FOR PLAINTIFFS**

 CT Corporation

**Service of Process Transmittal**
09/07/2016
CT Log Number 529798118

TO:     Bethanne Lee
        MetLife Auto & Home
        700 Quaker Ln, Law Department Area 2C
        Warwick, RI 02886-6669

RE:     **Process Served in Texas**

FOR:    Metropolitan Lloyds Insurance Company of Texas  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PATRICIA MADDOX AND JEFFERY MADDUX, Pltfs. vs. Metropolitan Lloyds Insurance Company of Texas, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition, First Request(s), Instructions |
| **COURT/AGENCY:** | 413th Judicial District Court Johnson County, TX<br>Case # DCC201600468 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/07/2016 postmarked on 09/02/2016 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. of the Monday next following the expiration of twenty 20 days after the service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Andrew C. Cook<br>COOK & ANDERSON LAW FIRM, PLLC<br>5900 Memorial Drive, Suite 210<br>Houston, TX 77007<br>713-739-0810 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/07/2016, Expected Purge Date: 09/12/2016<br><br>Image SOP<br><br>Email Notification,  CTServiceof Process  mah_sop@metlife.com<br><br>Email Notification,  Bethanne Lee  blee5@metlife.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



02 1R   $ 07.99
0002001289   SEP 02 20
MAILED FROM ZIP CODE 760



**JOHNSON COUNTY**
**DAVID LLOYD**
**DISTRICT CLERK**
**P.O. BOX 495**
**CLEBURNE, TEXAS 76033**



**CERTIFIED MAIL**

7016 0340 0001 1667 5562

METROPOLITAN LLOYDS INSURANCE COMPANY
OF TEXAS
% AGENT FOR SERVICE, CT CORPORATION
1999 BRYAN STREET SUITE 1900
DALLAS TX 75201

# State of Texas

413TH DISTRICT COURT

JOHNSON COUNTY, TEXAS

DISTRICT CLERK

ATTORNEY FOR PLAINTIFF(S)



DAVID R. LLOYD
GUINN JUSTICE CENTER
P.O. BOX 495
CLEBURNE, TEXAS 76033

ANDREW C. COOK
5900 MEMORIAL DRIVE
SUITE 210
HOUSTON, TEXAS 77007

## CITATION - MAIL - CERTIFIED

### (PLAINTIFFS' ORIGINAL PETITION)
#### CAUSE NO. DC-C201600468

TO: METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS
% AGENT FOR SERVICE, CT CORPORATION
1999 BRYAN STREET, SUITE 1900
DALLAS, TX 75201

DEFENDANT - GREETINGS:

YOU ARE HEREBY COMMANDED to appear before the **413TH DISTRICT COURT** of Johnson County, Texas, by filing a written answer to the Plaintiff's Petition by 10:00 a.m. of the Monday next following the expiration of twenty (20) days after the service date of this citation and petition, filed in said court on the **31ST DAY OF AUGUST, 2016**, in this cause numbered **DC-C201600468**, and styled:

**PATRICIA MADDUX,JEFFREY MADDUX VS. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS,DAVID SLAUGHTER,PATRICK THOMAS**

Issued and given under my hand and seal of said court at Cleburne, Texas, this **1ST DAY OF SEPTEMBER, 2016**.

DAVID R. LLOYD - DISTRICT CLERK
413TH DISTRICT COURT
JOHNSON COUNTY, TEXAS

BY _Sally L Van Syk_

## OFFICER'S RETURN BY MAILING

### CAUSE NO. DC-C201600468

Came to hand the _____ day of _____, _____, and executed by mailing to the Defendant, via certified mail, return receipt requested, a true copy of this citation together with an attached copy of afore-mentioned petition to the following address:

| DEFENDANT | ADDRESS |
|-----------|---------|

Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by _____ and dated _____.

This citation was not executed for the following reason(s):

_____

_____

To certify which witness my hand officially, _____
                                             Sher./Const./Dist. Clerk

Fee for serving citation: $_____  '  _____ County, Texas

                                          By _____ Deputy

ATTACH RETURN RECEIPT(S) WITH ADDRESSEE'S SIGNATURE BELOW:

SUBSCRIBED AND SWORN TO by _____ before me, the undersigned authority, this _____ day of _____, _____.

_____        _____
Notary Public (State of Texas)           Notary Public (Printed Name)

                Commission Expiration:  _____

∧

CAUSE NO. DC-C201600468

| | | |
|---|---|---|
| PATRICIA MADDUX AND | § | IN THE DISTRICT COURT |
| JEFFERY MADDUX, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | JOHNSON COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| DAVID SLAUGHTER AND | § | |
| PATRICK THOMAS, | § | |
| | § | |
| Defendants. | § | 413TH JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

## I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

## II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

---

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Pleading further, Defendant alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

## COVERAGE A - DWELLING

1. **Dwelling Owners**. If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A. the dwelling owned by **you** on the **residence premises**; and
   B. structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

## COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

## CAUSES OF PROPERTY LOSS
## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

**COVERAGE C - PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.    **Windstorm or Hail**
      **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.
\* \* \*

### SECTION I - LOSSES WE DO NOT COVER

\* \* \*

D.    **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

      1.    flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;
      2.    water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or
      3.    water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway,

swimming pool or other structure of water which causes earth movement

This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.

2.    **We** do not insure under any coverage for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion I. above and Exclusion 3. Below regardless of whether one or more of the items below (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time or after the loss or any other cause of the loss. The items are:

   A.    conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, and that pungent or without fault;

   B.    defective, inadequate, faulty or unsound;

      1.    planning, zoning, development, surveying, siting;

      2.    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

      3.    materials used in repair, construction, renovation or remodeling; or

      4.    maintenance;

      of any property whether on or off the **residence premises.** Property includes land, structures or improvements of any kind; and

   C.    weather conditions.

   However, this exclusions only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.    **We** do not cover loss or damage to the property described in <u>Coverage A</u> and <u>Coverage B</u> which results directly or indirectly from any of the following:

   A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiffs.   Specifically, the subject insurance policy provides as follows:

SECTION I - CONDITIONS

...

2.    **What you Must do After a Loss.**  We have no obligations to provide coverage under this policy if **you** or **your** representative *fail to comply with the following* duties and the failure to comply is prejudicial to **us**:

    A.    Promptly notify **us** or **our** representative.
        ...
    B.    Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.
    C.    Cooperate with us in the investigation of a claim.
        ...
    E.    At any reasonable time and place **we** designate, and as often as **we** reasonably require:
        1.    show **us** the damaged property;
        2.    submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

        ...

Pleading further, Plaintiffs failed to promptly repair the damage to their property and based upon information and belief, have not performed necessary repairs to the property.

**III.  JURY DEMAND**

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By: _____
       Dennis D. Conder
       State Bar No. 04656400
901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of September, 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

_____
Dennis D. Conder

PAN/PLDG/574149.1/001466.16925